UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACTION CORPORATION, | |
| Plaintiff | |
| v. | Civ. No. 97-1134 (PG) |
| TOSHIBA AMERICA CONSUMER PRODUCTS, INC. et al., | |
| Defendants | |

## OPINION & ORDER

Defendant Toshiba America Consumer Products, Inc. ("TACP") moved for partial summary judgment to dismiss Plaintiff Action Corporation's ("Action") First, Second, Fourth, and Fifth causes of action. (Dkt. 61) Action opposed the motion, alleging that Fed. R. Civ. P. 56(f) allows for more discovery before entry of summary judgment. (Dkt. 62)

Summary judgment is "a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways." *Messnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992). In essence, summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). *See also Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986).

Pursuant to FED. R. CIV. P. 56(f), Action requests that the Court grant them time for further discovery. Rule 56(f) permits a Court to either deny the motion for summary judgment or issue a





97-1134 (PG) 2

continuance to permit affidavits to be obtained or depositions to be taken, or any other discovery that may bear on the issues be completed, if the party opposing the motion cannot present facts essential to justify that party's position. However, if genuine issues of material fact are present, reliance on Rule 56(f) is not necessary.

After several years of negotiating, TACP and Action entered into a distribution agreement in early 1994. The distribution agreement set out that Action was the exclusive distributor of certain products for TACP in Puerto Rico.

> 1. PURPOSE: The purpose of this Agreement is to formalize a written contract, acknowledging the existing relationship of exclusive distribution between [TACP] and ACTION, and to define in writing the terms and conditions of said relationship.
> . . .
> 3. TERRITORY: The geographical area in which ACTION shall serve as the exclusive distributor of Products is PUERTO RICO.

Distribution Agreement between Action and TACP, signed January 26, 1994 by Action and February 1, 1994 by TACP (Dkt. 61, exh. 19, pp. 2-3). The distribution agreement also set forth that TACP must abstain from selling the Toshiba products identified in the agreement directly in Puerto Rico. *See* Distribution Agreement, p.3, ¶ 4(b).

> 4. [TACP]'S DUTIES: [TACP] agrees that during the existence of this Agreement it will:
> . . .
> b) Abstain from selling directly in Puerto Rico any of the Products as defined by this Agreement. Notwithstanding the above [TACP] may continue to sell [to] BWAC [Corporation] during the term of this Agreement, provided, however, that [TACP] shall compensate ACTION by paying an override commission. Said override commission shall be at the rate of five percent (5%) for sales to BWAC during the period of June 1, 1991 through September 30, 1993 and shall be paid within thirty (30) days of the execution of this Agreement.
>     [TACP] further agrees to pay ACTION an override commission of three percent (3%) on sales made to BWAC from October 1, 1993 to September 30, 1998 . . . .

Distribution Agreement, p. 3-4. The parties dispute whether this clause allows TACP to sell to a third

97-1134 (PG) 3

party who in turn sells to Puerto Rico.

This paragraph is the point of contention in this motion and there are two questions before this Court as a result: (1) does the paragraph 4(b) clause allow TACP to sell to a third party, who in turn sells to Puerto Rico and (2) did TACP sell directly to Puerto Rico in violation of the distribution agreement. Because questions of material fact persist, the Court to DENIES TACP's motion for partial summary judgment.

TACP contends that the distribution agreement allows it to sell to a third party, who in turn sells to Puerto Rico. This is what TACP allegedly did do; TACP sold to parties in the United States who in turn sold to parties in Puerto Rico. The parties now argue over whether the contract permits this. Action argues that the agreement contemplates that in case this event occurs, Action is to be paid an override commission. Both parties introduce evidence that the negotiations leading up to the distribution agreement discussed this exact issue, yet the final agreement did not contain any of the proposed phrases dealing with this issue. Unfortunately, slopping drafting or a lack of consensus has left this issue muddied. The issue is therefore not primed to be plucked from its place in the mud, and must remain embedded a while longer.

Action requested further discovery on the issue before the Court rules. However, TACP has seen fit to submit enough evidence to present a question of material fact; TACP attached letters and notes evidencing that Action was concerned that TACP may be able to get around their exclusive distributorship. Yet, the final language in the agreement only vaguely refers to this possibility. The issue remains unclear and the causes of Action remain as well.

The paragraph 4(b) clause is clear in that TACP is not permitted to sell directly to Puerto Rico. While TACP attached exhibits declaring that it did not sell directly to Puerto Rico, Action attached

97-1134 (PG) 4

purchase orders demonstrating that TACP shipped orders directly to Sam's Club in violation of the agreement. This is a question of fact that remains at issue.

Therefore, TACP's motion for partial summary judgment is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 30, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)